UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GILBERTO MINAYA-RODRIGUEZ,

                Petitioner,

      -against-

WARDEN,

                Respondent.

23-CV-8632 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Petitioner Gilberto Minaya-Rodriguez, who currently is incarcerated at Allenwood Low Security Correctional Institution ("Allenwood"), in White Deer, Union County, Pennsylvania, brings this *pro se* petition for a writ of *habeas corpus* under 28 U.S.C. § 2241, challenging Allenwood's implementation of the First Step Act. For the following reasons, the Court transfers the petition to the United States District Court for the Middle District of Pennsylvania.

## BACKGROUND

The following facts are drawn from Petitioner's petition.[1] Petitioner currently is housed with "inmates who are US citizens and inmates who are Foreign legal residents who don't yet have a final order of deportation [who] are able to benefit from the First Step Act." (ECF 1, at 1.) Allenwood conducts immigration proceedings in coordination with an immigration office in Baltimore, Maryland. "The purpose of these hearings are to determine if an inmate warrants a removal to his native country after the completion of his sentence." (*Id.*) Following the issuance of a final order of removal, "the institution revokes all the benefits already earned by the inmate under the First Step Act." (*Id.*) Plaintiff contends that this procedure "violate[s] the law as well as the inmate's rights." (*Id.* at 2.) Plaintiff seeks an order directing "[a]ll BOP facilities, to

---

[1] The Court quotes from the complaint verbatim. All spelling, punctuation, and grammar are as in the original, unless noted otherwise.

include LSCI Allenwood, to grant the benefits from programming to all inmates who satisfy the requirements, regardless of immigration status." (*Id.* at 3.) He also seeks the suspension of "all immigration video hearings being conducted in correctional institutions, to include LSCI Allenwood." (*Id.* at 4.) Petitioner includes a list of names of incarcerated individuals who "support this request." (*Id.* at 5.)

On September 15, 2022, judgment was entered in this court in the matter of *United States v. Minaya-Rodrguez*, ECF 1:20-CR-0059, 145 (S.D.N.Y. Sept. 15, 2022), following Petitioner's sentencing before the Honorable Vernon S. Broderick. Petitioner addresses this petition to Judge Broderick.

## DISCUSSION

A writ of *habeas corpus* filed by an incarcerated individual must be "directed to the person having custody of the person detained," 28 U.S.C. § 2243, and district courts may only grant *habeas* relief "within their respective jurisdictions," 28 U.S.C. § 2241(a). Where a petitioner challenges his "present physical confinement," his petition must be brought in his district of confinement. *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004) ("[T]he proper respondent to a habeas petition is the person who has custody over the petitioner." (internal quotation marks, citation, and alteration omitted)). Generally, the proper respondent in a Section 2241 action is "the warden of the facility where the prisoner is being held," *id.* at 435, and the proper venue is the district in which the petitioner is confined, *id.* at 447.

The proper venue for this action is in the Middle District of Pennsylvania. The petition challenge's Allenwood's execution of sentences for individuals with a final order of removal. Although Petitioner does not expressly challenge *his* custody, he alleges that he is awaiting a final order of removal; his allegations therefore suggest that his custody would be affected by the issuance of such an order. Thus, the proper venue for such a challenge is the district in which

Petitioner is confined, which is the Middle District of Pennsylvania. The Court therefore transfers this petition, in the interest of justice, to the Middle District of Pennsylvania. *See* 28 U.S.C. § 1404(a).

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Middle District of Pennsylvania. Whether Petitioner should be permitted to proceed further without payment of fees is a determination to be made by the transferee court. This order closes this case.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   October 10, 2023
        New York, New York

                                      /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                   Chief United States District Judge